IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL LEEPER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-CV-250-NJR-DGW ) |
| ALLIANCE RESOURCES PARTNERS, L.P., HAMILTON COUNTY COAL, LLC, and DOE DEFENDANTS 1-20, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion to Dismiss Plaintiff's First Amended Class Action Complaint filed by Defendants, Alliance Resource Partners, L.P. and Hamilton County Coal, LLC (Doc. 39). For the reasons set forth below, the Court denies the Motion to Dismiss.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Carl Leeper brings this putative class action against Defendants Alliance Resource Partners, L.P. ("Alliance"), Hamilton County Coal, LLC ("Hamilton"), and Doe Defendants 1-20, alleging violations of the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq.*

Prior to February 6, 2016, Leeper was a full-time employee of Defendants Hamilton and Alliance. During his employment, he had been promoted from general laborer to pumper to maintenance (Doc. 37, p. 4). Leeper specifically worked at the

1

Hamilton County Mine #1, which is an underground mining complex located near the city of Dahlgren in Hamilton County, Illinois (Doc. 37, p. 3). Alliance is the owner of the Hamilton County Mine #1, and Defendant Hamilton operates the facility (*Id.*). Leeper "earned regular compensation of approximately $91,000 per year and other substantial employee benefits including, *inter alia*, health insurance, a 401(k) plan, short-term disability insurance, long-term disability insurance, life insurance, accidental death and dismemberment insurance, accrued and unused vacation days, and monthly bonuses." (Doc. 37, p. 4).

As alleged in the First Amended Class Action Complaint, Defendants failed to provide a "60-day advanced notice of a 'mass layoff' of nearly 200 employees that occurred at its Hamilton County Coal Mine #1 on February 5, 2016" (Doc. 37). Instead, Defendants provided less than twenty-four hours' notice that they were terminating their employment and that all benefits would cease as of the date of termination (*Id.*). Specifically, on the morning of February 5, 2016, Defendants held a meeting where they provided Leeper "along with nearly 200 other full-time employees" ("Class Members") a written notice warning of a "temporary layoff for the period commencing February 6, 2016 and ending on August 1, 2016" (Docs. 37, p. 5; Doc. 37-1, p. 1). The notice stated that "beginning effective February 6, 2016," Leeper would "not be employed by Hamilton County Coal" and explained that a "temporary layoff is treated as a termination of employment for purposes of wages and benefits" (Doc. 37-1, p. 1, 6). The notice also stated, however, that on August 1, 2016, "you may return to your at-will employment with Hamilton County Coal" (Doc. 37-1, p. 1). Leeper alleges that, at the February 5

meeting, the facility's general manager, Ezra French, advised him that there was no guarantee of reemployment, and they would have to reapply and interview for positions (Doc. 37, p. 8, 13).

The First Amended Class Action Complaint alleges that, on the following day, February 6, 2016, Defendants laid off 182[1] out of 363 employees (Doc. 37, p. 8; Doc. 39-3; Doc. 58-2, p. 21). On August 1, 2016, Defendants rehired 58 of these employees (*Id.*).

On January 4, 2017, Leeper filed his First Amended Class Action Complaint suing under Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(3), and 23(c)(4), and the WARN ACT, 29 U.S.C. § 2104(a)(5) on behalf of the following class (Class 1):

> All current or former employees, excluding part-time employees, of Alliance Resource Partners, L.P., Hamilton County Coal, LLC, and/or Doe Defendants 1-20, who worked at the Hamilton County Coal Mine #1 and who received the Termination Notice attached hereto as Exhibit 1 on or about February 6, 2016, without previously receiving sixty (60) days advanced written notice of a mass layoff.

Leeper asserts that Defendants' actions with respect to Leeper and the Class 1 Members constituted a "mass layoff" because 182 full-time employees experienced an employment loss by way of a termination under 29 U.S.C. § 2101(a)(6)(A).

---

[1] Defendants Alliance and Hamilton filed a Corrected Memorandum in Support of their Motion to Dismiss to include a Supplemental Affidavit of Ezra French to clarify that, subsequent to February 6, 2016, two additional individuals voluntarily requested to be laid off and were included in the alleged temporary layoff (Doc. 58-2, p. 23). The Court granted Defendants leave to file the Corrected Memorandum along with a Supplemental Affidavit. The Supplemental Affidavit serves to correct an administrative error in the original affidavit. Nonetheless, because this Supplemental Affidavit is not specifically referenced in the First Amended Class Action Complaint, as it was prepared *after* the First Amended Class Action Complaint was filed, the Court will not consider it or use the corrected number in this Order. The Court notes that Defendants have stated that the Supplemental Affidavit has no material impact on Defendants' arguments in their pending Motion to Dismiss, and the Court does not find this clarification to be germane to its analysis.

In the alternative, Leeper brings this class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(3), and 23(c)(4), and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of himself and the following class (Class 2):

> All current or former employees, excluding pat-time employees, of Alliance Resource Partners, L.P., Hamilton County Coal, LLC, and/or Doe Defendants 1-20, who worked at the Hamilton County Coal Mine #1 and who received the Termination Notice attached hereto as Exhibit 1 on or about February 6, 2016, without previously receiving sixty (60) days advanced written notice of a mass layoff and who either: (a) were not rehired by Alliance Resource Partners, L.P., Hamilton County Coal, LLC, and/or Doe Defendants 1-20 after February 6, 2016; or (b) experienced a reduction in hours of work of more than 50 percent during each month of the 6-month period between February 6 and August 6, 2016.

Leeper alternatively argues that Defendants' actions constituted a "mass layoff" with respect to Leeper and the Class 2 Members because at least 150 employees experienced a reduction in hours of work of more than 50 percent during each month of the six-month period between February 6 and August 6, 2016, or because 92 employees were terminated and at least 58 employees experienced a reduction in hours of work of more than 50 percent during each month of the six-month period between February 6 and August 6, 2016.

On January 18, 2017, Defendants Alliance and Hamilton filed a Motion to Dismiss Plaintiff's First Amended Class Action Complaint (Doc. 39) on the basis that there was no "mass layoff" because at least 33 percent of Hamilton's employees did not experience an employment loss, and a "layoff" may not be treated as a reduction of hours under 29 U.S.C. § 2101(a)(6)(C). On February 21, 2017, Leeper filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. 40). On March 7, 2017, Defendants Alliance and Hamilton filed a Reply brief (Doc. 41). On August 25, 2017, Defendants Alliance and

4

Hamilton filed a Corrected Memorandum in Support of Defendants' Motion to Dismiss (Doc. 58). On September 8, 2017, Leeper filed a Response to Defendants' Corrected Memorandum (Doc. 60). On September 22, 2017, Defendants Alliance and Hamilton filed a Reply Brief (Doc. 61).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The plaintiff must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "In reviewing the sufficiency of a complaint under the plausibility standard, [a court must] accept the well-pleaded facts in the complaint as true, but [it] 'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). When ruling on a motion to dismiss, a federal court may consider documents attached to the pleadings without converting the motion to dismiss into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); FED. R. CIV. P. 10(c).

# ANALYSIS

Defendants Alliance and Hamilton (hereafter collectively referred to as "Defendants") argue that Leeper's claims as set forth in the First Amended Class Action Complaint fail to state a claim upon which relief can be granted under the WARN Act. Congress passed the WARN Act with the purpose of providing "workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining . . . ." 20 C.F.R. § 639.1(a); *Roquet v. Arthur Andersen LLP*, 398 F.3d 585, 586 (7th Cir. 2005) ("[I]ts purpose is to soften the economic blow suffered by workers who unexpectedly face plant closings or mass layoffs."). Thus, the WARN Act requires employers to provide employees with written notice of impending "plant closings" or "mass layoffs" at least sixty days prior to the closing or layoffs. 29 U.S.C. § 2102. Leeper alleges that Defendants failed to provide the necessary sixty days notice to himself and the proposed class when they terminated at least 33 percent and more than 50 of Hamilton's employees on February 6, 2016.

***Defendants' Argument that the First Amended Class Action Complaint Fails to Demonstrate that At Least 33 percent of Employees Experienced an Employment Loss***

The notice requirements of the WARN Act are triggered if there is a "mass layoff." 29 U.S.C. § 2102(a). Courts apply the WARN Act only to mass layoffs that meet certain employment thresholds. 20 C.F.R. § 639.2. The WARN Act defines a "mass layoff" as a reduction of force which results in employment loss for "at least 33 percent of the employees" and "at least 50 employees." 29 U.S.C. § 2101(a)(3). An "employment loss" is defined as: (a) an employment termination, other than a discharge for cause,

voluntary departure, or retirement, (b) a layoff exceeding 6 months, or (c) a reduction in hours of work of more than 50 percent during each month of any 6-month period. 29 U.S.C. § 2101(a)(6).

Leeper specifically alleges in his First Amended Class Action Complaint that "over 50, and at least 33 percent of the employees . . . experienced the employment loss." (Doc. 37, p. 14). Significantly, Leeper pleads the employment loss as a *termination* as set forth in 29 U.S.C. § 2101(a)(6)(A) (*See, e.g.* Doc. 37, p. 5, 13, 14). Specifically, Leeper pleads that 182 employees were terminated out of a total of 363, which constitutes more than 33 percent of the Hamilton workforce. Defendants argue, however, that the employment loss was a *layoff* (not a termination) that failed to exceed six months as required under 29 U.S.C. § 2101(a)(6)(B). Specifically, Defendants point to the affidavit of Ezra French to argue that 90 of the 182 employees originally laid off either returned to work within six months or voluntarily declined to do so. Thus, Defendants argue that less than 33 percent of Hamilton employees experienced an employment loss under the WARN Act.

The issue raised by Defendants' motion is whether the employees suffered a termination (as alleged by Leeper in the First Amended Class Action Complaint) or a layoff (as argued by Defendants). If the answer is the former, then the termination was effective as of February 6, 2016, it affected all 182 employees, and the subsequently rehired employees do not change that conclusion. If the answer is the latter then, as Defendants argue, the layoff did not exceed six months because 74 employees were recalled within the six month period (16 returned as of July 27, 2016 and 58 returned as

7

of August 1, 2016). Under this line of reasoning, there would have been no employment loss under 29 U.S.C. § 2101(a)(6)(B) because the layoff did not exceed six months.

A termination involves a "permanent cessation of the employment relationship." *Acevedo v. Heinemann's Bakeries, Inc.*, 619 F. Supp. 2d 529, 534 (N.D. Ill. 2008). In the statute of limitations context, the Second Circuit Court of Appeals has noted that "a termination *immediately* qualifies as an employment loss," which is in contrast to a layoff, which must exceed six months in duration. *United Paperworkers Int'l Union & its Local 340 v. Specialty Paperboard, Inc.*, 999 F.2d 51, 52 (2d Cir. 1993) (emphasis added). Case law provides that it is the actuality of the termination that controls and not the expectations of the employees. *See Rifkin v. McDonnell Douglas Corp.*, 78 F.3d 1277, 1282 (8th Cir. 1996).

Although the notice is titled "Temporary Layoff Notice," Leeper pleads the employment loss as a termination because the "Temporary Layoff Notice" specifically states that the layoff "is treated as a termination of employment for purposes of wages and benefits." (Doc. 37-1, p. 6). It also stated that, as of February 6, 2016, the employees would "not be employed by Hamilton County Coal" (Doc. 37-1, p. 1). Additionally, the "Temporary Layoff Notice" provided that, upon the employment termination date, health care coverage would cease, any FMLA wages and benefits being received would discontinue, and accrued and unused vacation days would be paid in a lump sum (Doc. 37-1, p. 6-10). Leeper further alleges that they were told that "they would have to submit applications and reapply for employment at the Hamilton County Mine, interview for these positions, and there was no guarantee of employment (Doc. 37, p. 8).

Although Mr. French's affidavit states that seventy-four of those employees have either returned to work or confirmed their intent to return to work, it does not provide any detail as to the circumstances of the terms of employment for these rehired workers (Doc. 39-3, p. 2-3; Doc. 58-2, p. 21-22).[2] Significantly, it does not tell us whether those workers were rehired for the *same* position. *See Rifkin*, 78 F.3d at 1282 ("[a]n employee cannot be defined as 'terminated' if he or she is, in fact, rehired in the *same* position.") (emphasis added); *see also Int'l Oil, Chemical & Atomic Workers, Local 7-517 v. Uno-Ven Co.*, 170 F.3d 779, 784 (7th Cir. 1999) ("We may assume without having to decide that here as elsewhere the concept of constructive termination . . . is available to prevent such shenanigans as offering to rehire the workers at a wage so much lower than their previous wage, or on conditions so much inferior, as to rebut an inference of continuity of employment."). Nor does it shed any light on whether these employees did in fact have to reapply for and interview for positions of employment at the Hamilton County Mine, as Leeper alleges in the First Amended Class Action Complaint.

Thus, contrary to Defendants' assertions, the Court does not find that the First Amended Class Action Complaint presents legally dispositive facts that directly undermine Leeper's characterization of the Temporary Layoff Notice as a termination. Instead, Defendants' fact-intensive arguments are more appropriate for summary judgment. *See, e.g. Automobile Mechanics' Local No. 701 v. Santa Fe Terminal Servs.*, 830 F.

---

[2] The Court may consider the affidavit of Ezra French because it is specifically referred to in the First Amended Class Action Complaint. *See, e.g., Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.").

Supp. 432, 434 (N.D. Ill. 1993) (finding that "[w]hether the action in dispute was a termination of jobs or a layoff cannot be resolved on the pleadings" and resolution of such dispute "will have to await summary judgment, a trial, or another appropriate proceeding.").

***Defendants' Argument that Leeper fails to state an alternative claim that there was a "mass layoff" because the employees experienced a reduction in hours***

Leeper's First Amended Class Action Complaint alleges, as an alternate ground for relief, that employees experienced a 50 percent reduction in hours during each month of the six months between February 6, 2016, and August 6, 2016. Defendants cite to *United Steel v. Ainsworth Engineered (USA), LLC* to argue that you cannot apply a reduction of hours employment loss to a time period during which the employer has specifically announced a layoff. *Ainsworth*, which was decided on summary judgment, ultimately held that because the action involved a layoff, a category (C) reduction in hours employment loss could not be found. *United Steel v. Ainsworth Engineered (USA), LLC*, No. Civ. 07-4731 ADM/RLE, 2008 WL 4857905, at *6 (D. Minn. Nov. 10, 2008). Here, the Court has already found that Defendants' fact-intensive arguments that the action alleged involves a layoff are more appropriate for summary judgment. Thus, the Court does not find *Ainsworth* to be persuasive at this stage of the proceedings.

Simply construing all allegations and drawing all reasonable inferences in Leeper's favor, the Court finds that Leeper's First Amended Class Action Complaint states a claim for relief.

## CONCLUSION

For the reasons explained above, Defendants Alliance Resource Partners, L.P.'s and Hamilton County Coal, LLC's Motion to Dismiss Plaintiff's First Amended Class Action Complaint (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** September 29, 2017

**s/ Nancy J. Rosenstengel**_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**