IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL LEEPER, individually and on behalf of all others similarly situated, </br></br> Plaintiff, </br></br> v. </br></br> ALLIANCE RESOURCE PARTNERS, L.P., HAMILTON COUNTY COAL, LLC, and DOE DEFENDANTS 1-20, </br></br> Defendants. | Case No.: 3:16-cv-250-NJR-DGW |

## **AGREED PROTECTIVE ORDER**

The parties, having stipulated to the entry of this Protective Order, and the Court being sufficiently advised;

IT IS ORDERED that the following provisions and conditions shall govern the use and disclosure of all "Confidential Information" produced by or on behalf of the parties, any third party or furnished by any person associated with the parties in any deposition, interrogatory, request for admission, document production or any other discovery proceeding or exchange of information in this action:

1. "Confidential Information" as used in this Protective Order shall mean documents and other material or information containing or reflecting a trade secret or other confidential employee, medical, financial or business information, or as otherwise considered confidential under applicable law.

2. Any party may designate as "Confidential" any documents or other materials or information which the designating party and his/its counsel believe contain or reflect Confidential Information. The designation of documents or other materials as "Confidential"

may be made by written notice in the documents or materials designated or by separate written notice to the other party. Documents so marked and all Confidential Information derived therefrom shall be treated in accordance with the terms of this Protective Order.

3. Confidential Information shall not be used by any of the parties in this action or by any other person or entity given access thereto in accordance with this Protective Order, except solely for the purpose of prosecuting or defending claims in this action, including any appeals, and/or for settlement purposes. Confidential Information shall not be used for any business, commercial, media, or other purpose whatsoever.

4. Except upon further Order of the Court or by express written consent of counsel of record, Confidential Information designated as "Confidential" shall not be shown, described or otherwise revealed to any person or entity other than the following:

    (a) In-house or outside counsel for any party;

    (b) The parties to this action, and any officers, directors or employees of such parties, to whom disclosure is required for the prosecution or defense of this action and/or evaluation or settlement purposes;

    (c) Any deponent to whom disclosure is required for the prosecution or defense of this action and who have signed an agreement in a form substantially similar to that attached as Exhibit A;

    (d) Paralegals, office clerks, secretaries and clerical or support personnel employed or retained by counsel for the parties;

    (e) The Court in this action, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction service;

    (f) Consulting experts or testifying expert witnesses (as defined by the Federal Civil Rules and the Federal Rules of Evidence), their associates, assistants, and other personnel employed directly by the experts who agree to be bound by the terms of this Protective Order and who have signed an agreement in a form substantially similar to that attached as Exhibit A, provided that it is necessary to disclose the Confidential Information to them for purposes of this action;

(g) The author, addressee or any other person identified as a recipient of specified Confidential Information who would otherwise be entitled to receive same; and

(h) Other persons who may be specifically designated by written consent of all attorneys of record or pursuant to Court order.

5. The recipient of any Confidential Information that is provided pursuant to this Protective Order shall maintain such Confidential Information in a secure and safe area; shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information; and shall not reveal, discuss or disclose such Confidential Information in any manner, in any form, to any person or entity other than as provided in this Protective Order.

6. In the event that any Confidential Information or material designated under this Protective Order is used, described, characterized, excerpted, or referenced in, or attached to, any court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceedings; and (iii) the party using the Confidential Information shall seek leave of the Court to protect the Confidential Information, including filing such material under seal, except that upon the default of the filing party to so designate, any party may do so.

7. Pursuant to paragraph six (6), above, if the Court rules that any portion of the record containing or intended to contain, reflect or reveal Confidential Information, including but not limited to transcripts, exhibits, and testimony, should be sealed in whole or in part, the applicable portion of the record shall be so sealed. All such Confidential Information shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court.

8. If deposition testimony concerning Confidential Information is requested or elicited, counsel for the designating party may require that, with respect to the portion of deposition testimony containing the Confidential Information:

    (a) the testimony, the transcript and/or the videotape thereof, be treated as "Confidential"; and

    (b) the room in which the deposition is being taken shall, at the insistence of the designating party, be closed except to persons who are permitted access to such information or documents under the terms of this Confidentiality Order.

Counsel for any party may also request that portions of a deposition transcript be treated as Confidential Information within fifteen (15) days of initial receipt of the transcript regardless of when or if signed or reviewed by the deponent.

9. Within sixty (60) days of the conclusion of this case (including any appeals), all Confidential Information and all copies, duplications, extracts and summaries thereof shall be returned to the producing party or destroyed at the producing party's request with a letter from counsel for the receiving party certifying that all Confidential Information has been returned or destroyed, except that counsel shall be entitled to retain all information and materials which constitute work product. This paragraph shall not apply to Confidential Information in the sealed or public record of the Court, except that a party may move the Court to return or destroy Confidential Information in the record of that court.

10. In the event that any party to this litigation disagrees with the propriety of a "Confidential" designation, such party shall give the other party or entity written notice of its disagreement no later than sixty (60) days thereafter. The interested parties shall first try to resolve such a dispute in good faith. If a party files a motion challenging another party's designation of Confidential Information, the designating party shall bear the burden of establishing that the documents in question are confidential and are properly designated as

"Confidential" as provided in this Protective Order. No party, by entering into this Protective Order, concedes that any document, material or information classified by any other party as Confidential Information or any documents, transcripts or other material reflecting claimed Confidential Information does or does not in fact contain or reflect trade secrets or confidential employee, medical, financial or business information.

11. Nothing contained in this Protective Order shall be construed to restrict the use or disclosure of Confidential Information by the party producing that information or to prevent any party from interposing an objection to a request for discovery.

12. If a non-designating party in possession of Confidential Information receives a subpoena or other request seeking production or other disclosure of Confidential Information, he or it shall immediately give written notice to counsel for the designating party identifying the Confidential Information sought and the date and time production or other disclosure is required. In no event should production or disclosure be made without written approval by counsel of the designating party or by further order of this Court.

13. Nothing contained in this Protective Order shall prejudice in any way the right of any party or non-party to seek, by way of consent of all parties or by application to the Court, (i) additional protection for specific items of Confidential Information; or (ii) relief from the provisions of this Protective Order with respect to specific items or categories of Confidential Information.

14. The parties, by entering into this Protective Order, do not waive any applicable privileges, and reserve their right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges. The inadvertent production of any privileged or otherwise protected document, material or information should not be deemed a waiver or an

impairment of any claim of privilege or protection. In the event of an inadvertent production of any document, material or information claimed to be protected by the attorney-client privilege, work product doctrine, and/or any other applicable protection or privilege, the following procedures shall be followed. The designating parties shall make written demand upon the receiving party to return such inadvertently produced documents, materials or information. Upon demand by the designating party, all such documents, material or information and any copies, duplications, extracts, and summaries thereof shall be returned to the designating party promptly, provided, however, that any party may, where appropriate, move the Court for an in camera review of any such materials to address whether such materials are in fact privileged or otherwise protected from disclosure.

15. All parties and attorneys in this action, and all other persons and entities possessing or granted access to Confidential Information pursuant to this Protective Order shall be bound by this Protective Order. The Court may impose sanctions on any person or entity possessing or granted access to Confidential Information pursuant to this Protective Order who discloses or uses the Confidential Information for any purpose other than as authorized by this Protective Order or who otherwise violates the terms of this Protective Order.

16. This Order shall not affect in any way the admissibility of evidence, under the Federal Rules of Evidence, at any hearing or at trial, nor shall this Order affect the right of any party to object to the admissibility of evidence in accordance with those Rules.

17. The parties' "Confidential" designation is preliminary and is not a judicial determination that any particular item is, in fact, protected from disclosure in the event of a challenge.

**IT IS SO ORDERED.**

**DATED: November 6, 2017**



**DONALD G. WILKERSON**
**United States Magistrate Judge**

**AGREED TO; TO BE ENTERED:**

/s/ Kevin P. Green (w/consent)
Thomas P. Rosenfeld (#06301406)
Thomas J. Lech (#06256261)
Kevin P. Green (#06299905)
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL  62025

Kreig B. Taylor (#6304130)
Cully, Feist, Kuppart & Taylor, L.L.C.
3 South Main Street, Suite #2
Harrisburg, IL  62946
COUNSEL FOR PLAINTIFF


/s/ Elizabeth S. Muyskens
Richard G. Griffith
Elizabeth S. Muyskens
Kif H. Skidmore
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY  40507-1801
COUNSEL FOR DEFENDANT

# EXHIBIT A

## AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

This is to certify that:

(a) I am being given access to Confidential Information pursuant to the Protective Order in the above-referenced litigation;

(b) I have read the Protective Order; and

(c) I agree to be bound and am bound by the terms and conditions thereof, including, without limitation, to the obligations regarding the use, non-disclosure and return of such Confidential Information. I further agree that in addition to being contractually bound by the Protective Order, I am subject to the powers, contempt and sanction of the above referenced Court for any violation thereof.

Date:_____          _____
                                 Name (Printed)


                                 _____
                                 Signature

115445.154276/4706167.1