IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL LEEPER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE RESOURCE PARTNERS, L.P., and HAMILTON COUNTY COAL, LLC,<br><br>Defendants. | Case No. 3:16-cv-00250-NJR-DGW |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Carl Leeper brought this putative class action against Defendants Alliance Resource Partners, L.P. and Hamilton County Coal, LLC alleging violations of the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq.* (Doc. 37). Specifically, Leeper alleges Defendants failed to provide 60-days' notice to 182 workers of a February 6, 2016 "mass layoff" at the Hamilton County Coal Mine #1 (*Id*.). On December 17, 2018, the Court granted Defendants' Motions for Summary Judgment (Doc. 166).

On December 31, 2018, Defendants filed a Bill of Costs (Doc. 170). On January 2, 2019, the Court filed a Notice regarding the Taxation of Costs, indicating that any objections were due on or before January 16, 2019 (Doc. 171). On January 16, 2019, Leeper filed an Objection to Defendants' Bill of Costs (Doc. 176). Defendants filed a response on January 31, 2019 (Doc. 181).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) authorizes federal district courts to award costs to prevailing parties in lawsuits. *See* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."). Specifically, the recoverable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies; (5) docket fees under Section 1923; and (6) compensation of court appointed experts, interpreters, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

The Seventh Circuit has noted that the rule provides a "presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined––the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 954 F.2d 219, 222 (7th Cir. 1988)). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id*.

## ANALYSIS

The costs in dispute that Defendants seek include $269.00 to cover Fees for Service of Summons and Subpoena for the deposition of Hulett Guill, Jr., as well as a witness fee of $86.33 (Doc. 176). Leeper argues that Defendants are not able to recover costs related

to Defendants' attempts to depose Guill because the deposition did not take place, and neither the propriety nor the necessity of the deposition sought by Defendants had been established (*Id.*). In response, Defendants assert that Guill's testimony bore directly on the question of whether putative class members in Leeper's action experienced an "employment loss" within the meaning of the WARN Act (Doc 181.). Defendants further argue that a deposition or witness fees may be "reasonably necessary" even if the deposition does not ultimately take place (*Id.*). This Court agrees with Defendants.

With regard to deposition transcripts, it is well established in the Seventh Circuit that "the expenses of discovery depositions shown to be reasonably necessary to the case are recoverable even if the depositions are not used as evidence at trial." *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). The "introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition," as long as the deposition was not "purely investigative in nature." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985), *overruled on other grounds by Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989).

Here, Guill is the named plaintiff in a putative class action arising from the same factual background as the instant Leeper action (Doc. 181). Defendants assert that his testimony was directly related to class certification in the Leeper action (*Id.*). Further, courts have previously awarded "no-show" deposition costs, as these are incidental expenses that fall within 28 U.S.C.A. § 1920. *See Dishman v. Cleary*, 279 F.R.D. 460, 469 (N.D. Ill. 2012); *See also Perry v. City of Chicago*, No. 08 C 4730, 2011 WL 612342, at 4 (N.D. Ill. Feb. 15, 2011). Additionally, witness fees are clearly outlined as recoverable costs in 28 U.S.C.A. § 1920. Because the Court cannot say that these depositions were merely

investigatory in nature and similar costs have been awarded previously, Defendants are allowed these costs, and the objection is **OVERRULED**.

## Conclusion

For these reasons, the Court **GRANTS** Defendants' Bill of Costs (Doc. 170), **OVERRULES** Leeper's Objection to Defendants' Bill of Costs (Doc. 176), and **DIRECTS** the Clerk of Court to tax costs against Leeper in the amount of $4,465.68.

**IT IS SO ORDERED.**

DATED:   February 11, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**